
UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY LYNN ROLLINS, <br> Plaintiff, <br> v. <br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br> Defendant. | Case No. EDCV 16-178 JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On January 29, 2016, Stacy Lynn Rollins ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; February 3, 2016 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 7, 2012, plaintiff filed an application for Disability Insurance Benefits alleging disability on November 30, 2011, due to three bulging discs, thyroid problems, and high cholesterol. (Administrative Record ("AR") 32, 160, 183). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on November 26, 2013. (AR 45-75).

On March 7, 2014, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 32-40). Specifically, the ALJ found: (1) plaintiff suffered from one severe impairment, disorder of the lumbar spine (AR 34); (2) plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment (AR 35); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) with additional limitations[1] (AR 35); (4) plaintiff could not perform any past relevant work (AR 38); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically cashier II, assembler (small products), and assembler (electrical accessories) (AR 38-39); and (6) plaintiff's allegations regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 37).

The Appeals Council denied plaintiff's application for review. (AR 1).

///

---

[1]The ALJ determined that plaintiff: (i) would need an opportunity to alternate between sitting and standing during the workday as long as she is not off-task more than ten-percent of the day; (ii) could never climb ladders, ropes, or scaffolds; (iii) could only occasionally climb ramps or stairs; and (iv) could only occasionally balance, stoop, crouch, kneel, and crawl. (AR 35).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is required to use the following five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

     experience, allow the claimant to adjust to other work that
     exists in significant numbers in the national economy?  If so,
     the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

**B. Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).

  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  An ALJ's decision to deny benefits must be upheld if the evidence could reasonably support either affirming or reversing the decision.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).  Nonetheless, a court may not affirm "simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (citation omitted).  In addition, federal courts may review only the reasoning in the administrative

decision itself, and may affirm a denial of benefits only for the reasons upon which the ALJ actually relied.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

Even when an ALJ's decision contains error, it must be affirmed if the error was harmless.  Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was inconsequential to the ultimate nondisability determination; or (2) despite the error, the ALJ's path may reasonably be discerned, even if the ALJ's decision was drafted with less than ideal clarity.  Id. (citation and quotation marks omitted).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record.  Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).  Where a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV. DISCUSSION

Plaintiff contends that the ALJ erred in evaluating the credibility of her subjective complaints.  (Plaintiff's Motion at 4-10).  The Court agrees.  As the Court cannot find the ALJ's errors harmless, a remand is warranted.

### A. Pertinent Law

When a claimant provides "objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged," and there is no affirmative finding of malingering, the ALJ may discount the credibility of the claimant's subjective complaints only by "providing specific, clear and convincing reasons for doing so."  Brown-Hunter, 806 F.3d at 488-89 (citation and internal quotation marks omitted).  This requirement is very difficult to meet.  See Garrison, 759 F.3d at 1015 (citation omitted).

///

An ALJ's credibility determination must be specific enough to permit a reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's subjective complaints. Brown-Hunter, 806 F.3d at 493 (citation and quotation marks omitted). Consequently, an ALJ must identify the specific testimony he or she finds not credible, provide "clear and convincing reasons" why that particular testimony lacks credibility, and identify the specific evidence which undermines the claimant's subjective complaints. See id. at 489, 493-94 (citation omitted). "General findings are insufficient[.]" Id. at 493 (citations and quotation marks omitted). Nonetheless, if the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); see also Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (Evaluation of a claimant's credibility and resolution of conflicts in the testimony are solely functions of the Commissioner.) (citation omitted).

**B.     Analysis**

Here, the ALJ did not give legally sufficient reasons for discounting the credibility of plaintiff's subjective complaints.

First, the ALJ wrote, in part, that plaintiff's hearing testimony reflected "improvements in [plaintiff's] functional abilities" following plaintiff's back surgery in April of 2013. (AR 37) (citing Exhibits 6E at 1 [AR 215], 8E at 1 [AR 222]; "testimony" [AR 47-68]); (see AR 328 [report of plaintiff's April 19, 2013 back surgery by Dr. Farbod Asgarzadie, plaintiff's treating neurosurgeon]). Plaintiff's testimony that her functional abilities had, to some extent, improved following her surgery, without more, does not necessarily reveal any inconsistencies in plaintiff's testimony (*e.g.*, that plaintiff's functioning had improved to a level that was inconsistent with the level of severity her current allegations of disabling pain). See generally Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (in weighing

1  plaintiff's credibility, ALJ may consider "inconsistencies either in [plaintiff's]
2  testimony or between his testimony and his conduct"); see also Fair, 885 F.2d at
3  604 n.5 (ALJ can reject pain testimony based on contradictions in plaintiff's
4  testimony). To the contrary, as the ALJ's decision reflects, even the "improve[d]"
5  functional limitations plaintiff described at the hearing, at a minimum, appeared
6  collectively to be far more restrictive than the residual functional capacity the ALJ
7  assessed for plaintiff. (Compare AR 37 with AR 58-60).
8      Second, the ALJ wrote "[plaintiff] also notes that her pain is well managed
9  with medication, which she has been able to reduce since surgery." (AR 37)
10 (citing Exhibits 8F at 3 [AR 418 (May 30, 2013 progress notes from Dr.
11 Asgarzadie)], 9F at 3 [AR 436 (October 16, 2013 progress notes from "Pain
12 Therapy Solutions")]; "Testimony" [AR 47-68]). "Impairments that can be
13 controlled effectively with medication are not disabling for the purpose of
14 determining eligibility for SSI benefits." Warre v. Commissioner of Social
15 Security Administration, 439 F.3d 1001, 1006 (9th Cir. 2006) (citations omitted);
16 see also Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (Evidence that
17 an impairment "responded favorably to conservative treatment" may undermine a
18 claimant's subjective reports of disabling pain.). Here, however, when viewed in
19 the context of the record as a whole, the particular progress notes and testimony
20 the ALJ cites do not reflect that plaintiff's pain had been "managed" with such
21 efficacy that plaintiff's current allegations of disabling symptoms and limitations
22 could justifiably be found less than credible. See generally Gallant v. Heckler,
23 753 F.2d 1450, 1456 (9th Cir. 1984) (ALJ may not selectively rely on only the
24 portions of record which support non-disability) (citations omitted); Reddick v.
25 Chater, 157 F.3d 715, 722-23 (9th Cir. 1998) (error for ALJ to paraphrase medical
26 evidence in manner that is "not entirely accurate regarding the content or tone of
27 the record"); cf., e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir.
28 1999) (A "specific finding" that consists of an "inaccurate characterization of the

evidence" cannot support ALJ's decision); Lesko v. Shalala, 1995 WL 263995 *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error).

For example, in the May 30, 2013 progress notes, Dr. Asgarzadie stated that plaintiff had "done well" after her April 19, 2013 back surgery and that plaintiff's symptoms had shown "some improvement[.]" (AR 418). However, the same progress notes also indicated that plaintiff "still [had] episodes of left lower extremity shooting pain," plaintiff continued to experience pain "rated at 5 out of 10 on average," and that plaintiff's pain prevented her from lifting or carrying "anything per instructions," "walking more than 100 yards, sitting for more than 30 minutes, and standing for more than 30 minutes." (AR 418-19). The incomplete copy of the October 16, 2013 progress notes cited by the ALJ indicated that plaintiff stated her pain was only "*fairly* well managed" with medication, not just "*well* managed" as the ALJ asserts. (Compare AR 37 with AR 436) (emphasis added). Moreover, the complete October 2013 progress notes reflected that plaintiff still complained that she had "ach[ing], sharp, shooting" pain daily with a severity of "7-8 [out of] 10" which was aggravated by "lifting, movement, walking, bending, [and] prolonged sitting," that plaintiff's pain was alleviated by "rest" and "ice" in addition to plaintiff's medications, and that plaintiff's doctor had found it necessary to refer plaintiff for additional treatment and testing with a reassessment only one to two weeks thereafter. (AR 556-58).

At the hearing less than two months later, plaintiff testified, in pertinent part, that the back surgery had not helped her "at all" and actually caused additional pain, and that despite taking medication, she continued to have significant pain on a daily basis that increased with activity, and consequently she could walk for no more than 30 minutes, stand for only "about 20 minutes," sit for "about 45 minutes to an hour," and lift only ten pounds if she did not have to "bend over and pick [the item] up," and that she spent much of her day alternating

between sitting, standing, and lying down. (AR 51-64). In addition, plaintiff also testified that she had continued to take the "muscle relaxer" she was prescribed, but had limited the amount she took of her other medication (*i.e.*, Norco)[2] – and "[tried] not to do much during the day" to accommodate for pain due to her reduced dosage of Norco – not because her pain had decreased (as the ALJ suggests), but because she wished to avoid becoming "addicted" to the narcotic pain reliever since she was "recovering" from substance abuse. (AR 37, 58); see Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (citations omitted) (ALJ may not reject symptom testimony where claimant provides "evidence of a good reason" for not pursuing treatment).

Third, absent any other clear and convincing reason for discounting plaintiff's credibility, the ALJ's remaining proffered reason – lack of objective medical evidence to support plaintiff's subjective complaints (AR 37) – is insufficient to support the ALJ's credibility determination. See Burch, 400 F.3d at 681 (Lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony.).

Finally, the Court cannot conclude that the ALJ's errors were harmless. For example, as noted above, plaintiff essentially testified that due to severe pain she was unable to engage in work at even the sedentary level of exertion. (AR 58-64). The vocational expert testified, however, that there would be no work available if plaintiff (or a hypothetical individual with the same characteristics as plaintiff) was "[unable] to sustain work activity for [more than] 75 to 80 percent of a work period. . . ." (AR 73). Therefore, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [plaintiff's] testimony, could have reached a different disability determination." Stout, 454 F.3d at 1055-56.

---

[2]Norco is a prescription medication "used to relieve moderate to moderately severe pain" which "contains a combination of acetaminophen and hydrocodone . . . a narcotic [pain medication]." Norco, Drugs.com web site, available at https://www.drugs.com/norco.html.

Accordingly, a remand is required to permit the ALJ to reassess plaintiff's credibility.

## V.    CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 29, 2016

                                                /s/
                                        Honorable Jacqueline Chooljian
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[4] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).